IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GAIL L. LOTT                                                                                    PLAINTIFF

   v.                                    CIVIL NO. 06-5100

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gail L. Lott brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on February 3, 2004, alleging an inability to work since October 1, 2003,[2] due to migraines, low back pain, numbness and swelling of the right leg, illiteracy, chronic obstructive pulmonary disease, knots in the arms and anxiety attacks. (Tr. 47C-47E, 180-182). An administrative hearing was held on September 14, 2005. (Tr. 188-230). Plaintiff was present and represented by counsel.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] We note in the prehearing memorandun plaintiff's counsel indicates plaintiff's alleged onset date is November 15, 2003. (Tr. 112).

AO72A
(Rev. 8/82)

By written decision dated December 6, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 18). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry ten pounds frequently and twenty pounds occasionally and to push and/or pull within those limitations; that she could stand, walk, and/or sit for six hours in an eight-hour workday; and that she could occasionally climb, balance, stoop, crouch, kneel and crawl. (Tr. 18). The ALJ further determined that plaintiff experienced pain when stooping, bending, or lifting objects. (Tr. 18). Finally, the ALJ found that, from a mental standpoint, plaintiff was able to perform work-related activities where interpersonal contact was incidental to work performed, where the complexity of tasks was learned and performed by rote with few variables and little judgment, and where required supervision was simple, direct, and concrete. With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a production worker and a vehicle escort driver. (Tr. 19).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on April 14, 2006. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 8, 11).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**:

Of particular concern to the undersigned is the ALJ's failure to question the vocational expert, concerning plaintiff's borderline intellectual functioning. The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a vocational expert. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997).

The medical evidence of record reveals that on April 19, 2004, plaintiff underwent an intellectual assessment and mental status and evaluation of adaptive functioning examination performed by Dr. Scott McCarty. (Tr. 128-131). Dr. McCarty administered the Wechsler Adult Intelligence Scale, Third Edition (WAIS-III) test, and the results showed that plaintiff had a valid intelligence quotient of 61, a performance intelligence quotient of 70, and a full scale intelligence quotient of 62. Dr. McCarty noted that plaintiff had poor concentration, adequate persistence,

4

and slow pace; that she denied problems with activities of daily living; and that she reported good relationships with her parents, siblings, teachers, classmates, co-workers, and supervisors. Dr. McCarty concluded that plaintiff was mildly mentally retarded; that she had limitations in areas of academics and personal responsibility; and that she did not have a mood disorder.

In spite of this evidence, in the hypothetical question posed by the ALJ to the vocational expert, the ALJ only included a limited ability to read and write. (Tr. 218-221). He failed to include plaintiff's borderline intellectual functioning in this hypothetical. "If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *See Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998). While plaintiff's attorney did question the vocational expert regarding plaintiff's concentration, persistence and pace, no answer regarding those questions was clearly given and the vocational expert even noted that the limitations provided by the consultative examining psychologist were vague. (Tr. 222-224). After reviewing all the evidence of record we believe remand is necessary to allow the ALJ to re-examine plaintiff's mental impairment and question the vocational expert accordingly. *See Foreman,* 122 F.3d at 26. Prior to questioning the vocational expert, we strongly recommend that the ALJ obtain a mental RFC assessment from a treating or examining psychiatrist or psychologist.

We are also troubled by the ALJ's failure to develop the record regarding plaintiff's arm pain and weakness. Plaintiff testified at the September of 2005 administrative hearing that she had knots in her arms that caused some limitations in her ability to use her arms. (Tr. 203-204). After the administrative hearing, the ALJ sent plaintiff for a consultative orthopedic evaluation

5

which was performed on October 20, 2005, by Dr. Robert C. Thompson. (Tr. 174). Upon examining plaintiff, Dr. Thompson noted there was a question of a positive Phalen test bilaterally with negative Tinel's sign in both upper extremities. Dr. Thompson noted some sensory pattern changes in the arms with the volar side of the right forearm decreased compared to the left and with the dorsal side of the right forearm and hand increased over the left. Dr. Thompson did sign a medical source statement dated October 20, 2005, but it is unclear whether he completed the assessment as most of the assessment has been left blank. On remand, we strongly recommend that the ALJ obtain a completed RFC assessment from plaintiff's treating or examining physicians.

We further suggest that the ALJ address plaintiff's alleged inability to afford medical treatment and medication .(Tr. 51, 68, 80, 83, 94, 96, 104, 128, 204).

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE